UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARCUS WHITMAN HOLDINGS LLC, | NO. |
| Plaintiff, | COMPLAINT |
| v. | JURY DEMAND |
| THE HANOVER AMERICAN INSURANCE COMPANY, | |
| Defendant. | |

Plaintiff, Marcus Whitman Holdings LLC ("Marcus Whitman") alleges the following against Defendant, The Hanover Insurance Company ("Hanover"):

## I. INTRODUCTION

1.1. This case arises from Hanover's refusal to honor its insurance obligations after a sudden and catastrophic event forced the closure of the historic Marcus Whitman Hotel in Walla Walla, Washington.

1.2. On September 14, 2023, the Hotel was flooded with explosive and toxic gasoline fumes leaking from a defective underground storage tank at a nearby gas station, forcing an evacuation and causing millions of dollars in losses.

1.3. To protect its guests, employees, and community, Marcus Whitman incurred over $1.6 million in extra expenses and sustained more than $2 million in business income losses.

1.4. Marcus Whitman promptly sought coverage under its commercial property insurance policy with Hanover.

1.5. Hanover acknowledged that the loss was covered but unreasonably refused to pay the full amount owed, leaving Marcus Whitman with over $2.8 million in unpaid losses.

1.6. In an effort to resolve the dispute without litigation, Marcus Whitman requested a good-faith mediation.

1.7. Washington law embodies a strong public policy favoring mediation over litigation in environmental insurance disputes. For example, WAC 284-30-940 requires all liability insurers to participate in mandatory mediation of environmental claims when requested by their policyholder.

1.8. Washington also has a "paramount interest" in ensuring that insurance coverage remains available for environmental claims in order to protect public health, safety, and welfare. *Canron, Inc. v. Fed. Ins. Co.*, 82 Wn. App. 480, 494 (1996).

1.9. But Hanover flatly refused Marcus Whitman's request to mediate, leaving this lawsuit as the only path to recover the benefits owed under the Policy, including the more than $1.6 million in extra expenses incurred to mitigate the environmental hazards.

## II. PARTIES

2.1. Plaintiff, Marcus Whitman, is a Washington limited liability company based in Seattle, whose members are citizens of various states, as identified in the attached spreadsheet. *See* Exhibit A.

2.2. Defendant, Hanover, is a foreign insurance company, incorporated under the laws of New Hampshire, with its principal place of business in Massachusetts.

## III. JURISDICTION AND VENUE

3.1. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the dispute is between citizens of different states and the amount in controversy exceeds the jurisdictional minimum, excluding interest and costs.

3.2. This Court has personal jurisdiction over the parties because Marcus Whitman conducts business in Seattle, Washington, and Hanover issued an insurance policy in Seattle covering Marcus Whitman's business activities in Washington.

3.3. Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the events giving rise to this lawsuit occurred in this District, where Marcus Whitman's corporate offices are located at 2200 Alaskan Way, Suite 200, Seattle, WA 98121. Venue is also proper under RCW 48.05.220 because Hanover issued and delivered the Policy to Marcus Whitman at its Seattle corporate address.

## IV. FACTUAL ALLEGATIONS

4.1. Marcus Whitman owns and operates the Marcus Whitman Hotel, located at 6 West Rose Street in Walla Walla, Washington (the "Hotel").

4.2. The Hotel was insured under a commercial property insurance policy issued by Hanover, Policy No. ZZ2 J2655892 02 (the "Policy").

4.3. On September 14, 2023, the Hotel was suddenly filled with explosive and toxic gasoline fumes.

4.4. Investigators discovered the gasoline fumes were entering the Hotel through the basement.

COMPLAINT; JURY DEMAND - 3

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

4.5. The gasoline originated from an underground storage tank at a gas station across the street from the Hotel.

4.6. The tank had leaked due to a combination of: (a) faulty installation, (b) damage from years of truck traffic driving over it, and (c) dipstick strikes when checking fuel levels.

4.7. Because of the explosion, health, and life-safety risk, the Hotel had to be evacuated for an extended period.

4.8. Marcus Whitman incurred extra expenses totaling $1,611,371 to contain the fumes and make the Hotel safe to reopen and continues to incur additional expenses to this day.

4.9. During the closure, the Hotel lost significant income.

4.10. Marcus Whitman's forensic accountant, Tiffany Couch at Accuity Forensics, estimated the Hotel lost $2,073,308 in business income.

4.11. Marcus Whitman filed a claim with Hanover seeking coverage for: (a) the extra expenses it incurred to contain the fumes and make the Hotel safe to reopen, and (b) its business income losses caused by the closure.

4.12. Hanover hired environmental consultants to investigate the loss.

4.13. The consultants confirmed the leak was caused by the combination of tank installation issues, truck traffic, and dipstick strikes.

4.14. Hanover concluded that at least one of these causes was covered and agreed to provide coverage for the loss under the Policy.

4.15. Hanover's forensic accountant, J.S. Held, estimated the business income loss at only $704,529—far less than Accuity Forensics' estimate of $2,073,308.

4.16. Hanover also limited coverage for extra expenses to: (a) $100,000 for pollutant cleanup and removal, and (b) $25,000 for emergency evacuation costs.

4.17. Hanover paid only $704,529 for business income losses, leaving a shortfall of $1,368,779.

4.18. Hanover paid only $125,000 for extra expenses, leaving a shortfall of $1,486,371.

4.19. On July 30, 2025, Marcus Whitman sent Hanover a letter under Washington's Insurance Fair Conduct Act ("IFCA"), requesting that Hanover pay the full amount of its losses.

4.20. On August 18, 2025, Hanover responded and refused to make any additional payments under the Policy.

4.21. On August 22, 2025, Marcus Whitman asked Hanover to participate in a good-faith mediation.

4.22. Hanover flatly refused to engage in good-faith mediation, leaving Marcus Whitman with no choice but to file this lawsuit.

4.23. Marcus Whitman has now filed this lawsuit to recover the unpaid business income losses and extra expenses, which Hanover has wrongfully denied.

## V. FIRST CAUSE OF ACTION: DECLARATORY JUDGMENT

5.1. Marcus Whitman incorporates all preceding allegations as if fully stated here.

5.2. A real and justiciable controversy exists between Marcus Whitman and Hanover over the coverage provided to Marcus Whitman under the Policy.

5.3. If Hanover attempts to add or change its reasons for denying Policy benefits, it is legally barred (estopped) from doing so under the principles set forth in *Vision One v. Philadelphia Indem. Ins. Co.*, 174 Wn.2d 501 (2012); *Ledcor Indus. (USA) Inc. v. Virginia Sur. Co., Inc.*, No. 09-CV-01807 RSM, 2012 WL 223904 (W.D. Wash. Jan. 25, 2012); and *Karpenski v. Am. Gen. Life Co., LLC*, 999 F. Supp. 2d 1235 (W.D. Wash. 2014).

5.4. Marcus Whitman is entitled to a declaration of coverage under the Policy.

## VI. SECOND CAUSE OF ACTION: BREACH OF CONTRACT

6.1. Marcus Whitman incorporates all preceding allegations as if fully stated here.

6.2. Hanover owed contractual obligations to Marcus Whitman under its Policy.

6.3. Hanover breached the Policy by refusing to pay $1,368,779 in business income losses and $1,486,371 in extra expenses.

6.4. Alternatively, Hanover breached the Policy by refusing to pay the $1,486,371 in extra expenses under Coverage Part A, the Policy's primary coverage grant.

6.5. As a result of Hanover's breach, Marcus Whitman has incurred attorney fees, which are recoverable under *Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37 (1991).

6.6. Marcus Whitman is therefore entitled to recover no less than $2,855,150, plus attorney fees, from Hanover for its breach of contract.

## VII. THIRD CAUSE OF ACTION: BAD FAITH

7.1. Marcus Whitman incorporates all preceding allegations as if fully stated here.

7.2. Hanover owed Marcus Whitman a duty of good faith and fair dealing in handling its insurance claim.

7.3. Hanover breached these duties by, among other things: (a) conducting an unreasonable investigation, (b) unreasonably delaying its coverage decision, (c) unreasonably denying coverage, (d) improperly applying the Policy terms, (e) failing to fully disclose available Policy benefits and coverages, (f) placing its own financial interests ahead of Marcus Whitman's, (g) failing to comply with the Washington Administrative Code ("WAC"), WAC 284-30, *et seq.*, and (h) refusing to participate in a good-faith mediation after Marcus Whitman requested one.

COMPLAINT; JURY DEMAND - 6

GORDON TILDEN THOMAS CORDELL  
600 University Street  
Suite 2915  
Seattle, WA 98101  
206.467.6477

As a direct and proximate result of Hanover's breach, Marcus Whitman has suffered damages in an amount to be proven at trial.

### VIII. FOURTH CAUSE OF ACTION: CONSUMER PROTECTION ACT

8.1. Marcus Whitman incorporates all preceding allegations as if fully stated here.

8.2. Washington has adopted the Unfair Claims Settlement Practices Act under Chapter 284-30, *et seq*. of the WAC.

8.3. A violation of any one provision of the Unfair Claims Settlement Practices Act is a *per se* violation of Washington's Consumer Protection Act ("CPA"), RCW 19.86.090.

8.4. Hanover breached its duties under the WAC, and in turn, committed *per se* violations of the CPA.

8.5. As a direct and proximate result of Hanover's breach, Marcus Whitman has suffered damages in an amount to be proven at trial.

### IX. FIFTH CAUSE OF ACTION: INSURANCE FAIR CONDUCT ACT

9.1. Marcus Whitman incorporates all preceding allegations as if fully stated here.

9.2. Hanover has unreasonably denied coverage to Marcus Whitman in violation of Washington's Insurance Fair Conduct Act, RCW 48.30.015.

9.3. As a direct and proximate result of Hanover's breach, Marcus Whitman has suffered damages in an amount to be proven at trial.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. Enter a money judgment against Hanover in an amount to be proven at trial;

B. Award enhanced damages pursuant to RCW 19.86.090 and RCW 48.30.015;

C. Award costs, disbursements, and attorneys' fees to the maximum extent authorized by law pursuant to *Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), RCW 19.86.090, and RCW 48.30.015; and

D. Award such other relief as just and proper.

DATED this 3rd day of October 2025.

**GORDON TILDEN THOMAS & CORDELL LLP**
Attorneys for Plaintiff Marcus Whitman Holdings LLC

By   s/ *Brendan Winslow-Nason*
Brendan Winslow-Nason, WSBA #39328
Daniel R. Bentson, WSBA #36825
600 University Street, Suite 2915
Seattle, Washington 98101
206.467.6477
bwinslow-nason@gordontilden.com
dbentson@gordontilden.com

Liam F. McKeegan, WSBA #61206
421 W. Riverside Avenue, Suite 614
Spokane, WA  99201
206.467.6477
lmckeegan@gordontilden.com

**EXHIBIT A**
**Members of Marcus Whitman Holdings LLC**

| Entity | Owners | Citizenship |
|---|---|---|
| Quillayute Investment, LLC | Dan Absher | Washington |
|  | Daria Absher | Washington |
|  | Larissa Jackson | Washington |
|  | Clint Absher | Washington |
|  | Karly King | Washington |
|  | Tad Homchick | New York |
|  | Talia Homchick | New York |
|  | Robbie Homchick | Illinois |
| Carey Real Estate Mgmt | DRC Trust: |  |
|  |     David Carey and Ruth Carey | Idaho |
|  | TRC Gift Trust: |  |
|  |     Teresa Carey | California |
| TAE Real Estate Holdings LLC | Tom Ellison | Washington |
| Jay S. Haladay Revocable Trust | Jay Haladay | Oregon |
| Renee Haladay Revocable Trust | Renee Haladay | Oregon |
| G & H Investment Holdings, LLC | Hall Family Holdings, LLC: |  |
|  |     Hugh Hall | Washington |
|  |     Lynne Hall | Washington |
|  |     Chris Hall | Washington |
|  |     Kyle Hall | Washington |
|  | Third Floor Systems, Inc. 401(k): |  |
|  |     Russ Greer | California |
| The Harrison Family Trust | Ken Harrison | Washington |
|  | Ginger Harrison | Washington |
| Lazy JH Revocable Living Trust | John J. Harnish | Washington |
| Jennifer Harnish |  | Washington |
| Stein and Linda Kruse |  | Washington |
| Bradley M. McMurchie Trust | Brad McMurchie | Oregon |
|  | Julie McMurchie | Oregon |
| KWM 2022 Revocable Living Trust | Kyle Mussman, Trustee | Florida |
| MW-1, LLC | Skip Oppenheimer | Idaho |
|  | Doug Oppenheimer | Idaho |
| Prentice Family Partners LLC | Arlen Prentice | Washington |
|  | Steven Prentice | Washington |
|  | Christopher Prentice | Washington |
| Schwartz Capital LLC | Daniel Schwartz | Washington |
|  | Lindsey Schwartz | Washington |
|  | Derrick Schwartz | Washington |
|  | Joelle Kantor | Washington |
| A.F. Gilmore Company | Andrew G. Hilen Sr. | Washington |
|  | Andrew G. Hilen Jr. | Washington |
|  | Peter Hilen | California |

| Entity | Owners | Citizenship |
|---|---|---|
| | Jase Hilen | California |
| | Ingrid Hilen Savage | Washington |
| | Stanley D. Savage Jr. | California |
| | Walker G. Savage | California |
| | Clara L. Savage | Washington |
| | Kristin Hilen Mandt | Washington |
| | Andria Orejuela-Keegan | Washington |
| | Thomas Orejuela | Washington |
| | Henry L. Hilty Jr. | California |
| | Christopher G. Hilty | California |
| | Michael D. Hilty | California |
| | Virginia Krodell | California |
| | Elizabeth G. Stayton | California |
| | Elizabeth C. Stayton | Wyoming |
| | Matthew G. Stayton | California |
| | Lisa Bryant | California |
| | John Laritson | Nebraska |
| Cedar Bluff Trust | Brett Sibert | Washington |
| | Adam Sibert | Washington |
| | Dale Ma | California |
| Martin L. Clubb 2021 GST Trust | Martin L. Clubb | Washington |
| MW Management LLC | Rolfe Walla Walla Hotel LLC: | |
| |     Stuart Rolfe | Washington |
| |     Alexander Rolfe | Washington |
| |     Kyle Rolfe | Washington |
| |     Ian Rolfe | Washington |
| |     Rolfe Legacy Trust: | |
| |         Charlotte Rolfe | Washington |
| |         Nathaniel Rolfe | Washington |
| |         Sybil Rolfe | Washington |
| |         Hunter Rolfe | Washington |
| |         Olivia Rolfe | Washington |
| |         Kellen Rolfe | Washington |
| |         Nicholas Rolfe | Washington |
| |         Talbot Rolfe | Washington |
| |     Rolfe Descendants' Trust: | |
| |         Alexander Rolfe | Washington |
| |         Kyle Rolfe | Washington |
| |         Ian Rolfe | Washington |
| |         Samuel Rolfe | Washington |
| |         Virginia Fisher | Washington |
| |     Rolfe Family Trust FBO Sam: | |
| |         Sam Rolfe | Washington |
| | Oppenheimer MW LLC: | |
| |     John Oppenheimer | Washington |

| Entity | Owners | Citizenship |
|---|---|---|
| | Doris Christenson | Washington |
| | Charles Hill | Washington |
| | Amy McBride | Washington |
| | CH Investment Fund, LLC: | |
| |     John Oppenheimer | Washington |
| |     Brian Flaherty | Washington |
| |     Matt Hagerman | Washington |
| |     Dave Williams | Washington |